IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

KIMBERLY ROWE,

        Plaintiff,

V.                                        CIVIL ACTION NO. 3:06-0417

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability beyond January 21, 2003. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff protectively filed her applications on August 14, 2001, alleging disability commencing December 15, 1999,[1] as a result of foot and back problems. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed a civil action seeking review of the Commissioner's

---

[1] Plaintiff's insured status expired March 31, 2004 and, for purposes of her application for disability insurance benefits, it was incumbent upon her to establish disability on or before this date. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971).

decision.[2] Based on deficiencies in the record, the case was remanded to the Commissioner for further proceedings. Following the submission of additional evidence and a supplemental hearing, another administrative law judge found plaintiff disabled from December 15, 1999 through January 21, 2003 but not thereafter, and the Appeals Council again denied plaintiff's request for review. Plaintiff then filed this action seeking review of the Commissioner's decision.

At the time of the most recent administrative decision, plaintiff was forty-two years of age and had completed the eighth grade. Her past relevant employment experience consisted of work as a home health worker. In his decision, the administrative law judge found plaintiff suffered from back/left SI joint pathology and reflex sympathetic dystrophy from December 15, 1999 through January 21, 2003, and from left SI joint pathology thereafter, impairments he considered severe. Though concluding that plaintiff was unable to perform her past relevant work,[3] the administrative law judge determined that from January 22, 2003 on, she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.25 of the Medical Vocational Guidelines[4] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. As noted, the administrative law judge found plaintiff entitled to a closed period of disability beginning on December 15, 1999 and continuing through January 21, 2003. This

---

[2] See, Civil Action No. 3:03-0616.

[3] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[4] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

finding was based on a left foot injury plaintiff sustained on her alleged onset date and the subsequent development of reflex sympathetic dystrophy ("RSD"), confirmed by an October 17, 2000 bone scan, interpreted by her treating orthopedic surgeon as showing "patchy changes throughout her foot" which he considered "quite consistent with a reflex sympathetic dystrophy type picture." Plaintiff was transferred to the St. Mary's Pain Management Center where she received medication[5] and lumbar sympathetic nerve blocks which were effective for about six months. After the pain returned, increases in oral medication failed to relieve it, so plaintiff's physician administered a second series of lumbar nerve blocks from June through October 2002. In September plaintiff reported improvement with each set of nerve blocks. There is no indication she sought further treatment for this problem after the last of the nerve blocks. Another bone scan performed January 22, 2003 was compared to the October 11, 2000 study, and the interpreting radiologist concluded "[f]indings that suggest reflex sympathetic dystrophy on earlier study are no longer identified."

The administrative law judge determined, solely as a consequence of RSD, that plaintiff was limited to sedentary level work beginning December 15, 1999 and that she suffered from chronic, moderate or greater pain which significantly affected her ability to concentrate and to perform at a normal and sustained work pace. Therefore, he found she was disabled. Based on the results of the January 2003 bone scan and plaintiff's discontinuation of treatment for RSD after October 2002, including use of Neurontin, the administrative law judge determined plaintiff had undergone medical

---

[5]Patches containing blood pressure medication were applied to the foot and were initially quite helpful. Plaintiff was also prescribed Neurontin.

improvement and was no longer disabled as of January 22, 2003. Plaintiff objects to this finding, claiming this determination is not supported by substantial evidence.

In order for benefits to be terminated, it must be shown by substantial evidence that there has been medical improvement in the claimant's impairment(s) and that she is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1594, 416.994.[6]

Medical improvement is defined in the regulations as any decrease in the medical severity of the impairment and must be based on "changes (improvement) in the symptoms, signs and/or laboratory findings" associated with the impairment. 20 C.F.R. §§ 404.1594(b)(1), 416.924(b)(1). Medical improvement related to ability to work is present when the decrease in the severity of the impairment(s) considered to be disabling is accompanied by an increase in functional capacity to do basic work activities. 20 C.F.R. §§ 404.1594(b)(3), 416.924(b)(3).

Here, substantial evidence clearly supports the administrative law judge's finding that there was medical improvement in plaintiff's RSD. While plaintiff suggests the only evidence relied on was the bone scan, the administrative law judge's decision reflects he also considered the medical reports before and after this test. For instance, plaintiff was admitted to the hospital twice in October 2002, the same month she finished the lumbar nerve blocks. The only reference to this condition in those hospital reports is in the admission history and physical exam taken October 12 when plaintiff made reference to having a damaged nerve in her left leg. She did not complaint of pain, and no

---

[6]Courts in this jurisdiction have followed the generally accepted reasoning of many other circuits, and in cases where a closed period of disability is found, as here, the appropriate standard to follow is the "medical improvement" standard. See, McDaniel v. Astrue, No. 1:07CV779, 2009 WL 929555, slip op. at *3 (M.D.N.C. April 3, 2009); Wyatt v. Bowen, No. 89-2943, 1989 WL 117940 (4th Cir. Sept. 11, 1989); Stratton v. Apfel, No. 2:99CV00103, 2000 WL 1203903, *7 (W.D.Va. Aug. 17, 2000).

findings in this regard were noted in any of the examinations. Similarly, after the January 22, 2003 bone scan, plaintiff was receiving follow-up treatment at Valley Health subsequent to a hysterectomy performed on January 15, 2003. Her only complaints during a February exam related to vaginal bleeding, pain with bowel movements and nervous itching. In August and October 2003, complaints centered around pain in plaintiff's left low back. There is no indication plaintiff sought treatment for foot-related problems at any time subsequent to the last nerve block in October 2002.

At a consultative exam conducted by an orthopaedic surgeon, Dr. Scott, on April 6, 2005, there was no mention of any left foot symptoms and no abnormalities observed. Dr. Scott concluded plaintiff was capable of a limited range of light-sedentary level work. Dr. Whitmore, who treated plaintiff through Valley Health for back pain, expressed the opinion on July 2, 2004 that plaintiff is "by no means disabled and could probably work," although he hoped she would be able to obtain further testing. Similarly, the state agency medical advisors were convinced that plaintiff could perform medium level work in November 2001 and April 2002. All of these assessments provide substantial support for the administrative law judge's conclusion that plaintiff's medical improvement was related to an increase in her functional capacity to perform basic work activities. The Court concludes that the administrative law judge's finding that plaintiff's disability ended January 21, 2003 is amply supported by the evidence, and plaintiff's argument to the contrary is not persuasive.

Plaintiff's other objection to the administrative law judge's decision is that he failed to "properly consider" her pain and to perform "any" credibility determination. Both of these allegations are completely without merit. The evidence shows that from January 22, 2003 forward,

plaintiff was treated for left sacroiliac pain,[7] left shoulder pain and right knee pain. Contrary to plaintiff's allegations, there is no indication of treatment for irritable bowel syndrome ("IBS").[8] The administrative law judge, after considering all the evidence, determined that plaintiff had the residual functional capacity for lifting/carrying twenty pounds occasionally, ten pounds frequently; standing one to two hours per work day; sitting six hours per work day, two hours at a time; only occasionally climbing, balancing, stooping, crouching, kneeling or crawling; and she must avoid repetitive bending, lifting and stooping. These limitations are consistent with the assessment provided by Dr. Scott, the examining orthopedic consultant.

The administrative law judge's decision demonstrates he gave significant attention to the issue of plaintiff's credibility and found she had underlying impairments, established by objective medical evidence, which could reasonably result in the symptoms she alleged.[9] In determining the intensity and persistence of plaintiff's pain and other symptoms, the administrative law judge considered all of the available evidence, including the medical findings, plaintiff's statements about where her pain is located, its severity, the nature of her IBS symptoms, what causes or increases these symptoms, her daily activities, medication taken and other treatment utilized to deal with her symptoms such as physical therapy, ice, exercises and a trigger point injection into the lower back.

---

[7]X-rays taken on September 13, 2004 were interpreted as showing no abnormalities in the pelvis or lumbar spine and "very minimal" osteophytic lipping in the thoracic spine.

[8]While plaintiff testified that she had diarrhea every time she ate a meal, the record does not corroborate her statements. Although she has reported to some examiners she has a history of this condition, medical reports do not reflect complaints about or treatment for it. While she mentioned it to physicians when she was hospitalized in October 2002 for diverticulitis, there are no findings relative to it in their medical reports, and no other indication in the record that she experienced any difficulty with excessive diarrhea.

[9]20 C.F.R. §§ 404.1529(b), 416.929(b), Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

After considering all of these factors and more, the administrative law judge determined plaintiff's credibility was "less than good." He noted a report from her physical therapist in October 2004 that plaintiff had "minimal to no complaints of back pain;" the sporadic schedule she has for doing back and shoulder exercises; that she takes no medication for irritable bowel syndrome; the "excellent" response she had to nerve blocks used to treat her foot pain and burning; and inconsistent statements relative to her social activities as well as her pain and other symptoms. It being apparent that the administrative law judge's findings relative to plaintiff's credibility are thorough, consistent with the regulations and relevant case law, and supported by the evidence, the Court finds plaintiff's allegations to the contrary are clearly unfounded.

On the basis of the foregoing, and finding the Commissioner's decision supported by substantial evidence, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: August 17, 2009

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE